IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.                                                            **Criminal Case No. 3:23cr81**

**MICHAEL EVINS,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) Defendant Michael Evins's Motion for Compassionate Release Pursuant to U.S.C. § 3582(c)(1)(A), (ECF No. 33) (the "*pro se* Motion"); and, (2) Mr. Evins's Expedited Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act, (ECF No. 40) (the "counseled Motion") (collectively, the "Motions"). The United States responded in opposition. (ECF No. 44.) Mr. Evins did not reply and the time to do so has passed.

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny the Motions for Compassionate Release. (ECF Nos. 33, 40.)

### I. Background

#### A.    Mr. Evins's Underlying Offense

On June 23, 2023, Mr. Evins was charged in a one count Criminal Indictment for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 1.) On July 19, 2023, Mr. Evins waived the right to prosecution by indictment and entered into a written plea agreement, pleading guilty to the one count. (ECF Nos. 10, 11.)

1

The Plea Agreement and the Statement of Facts describe Mr. Evins's underlying offense. (ECF Nos. 11, 12.) From 2008 to October 2019, Mr. Evins was a senior manager at the City of Richmond Department of Public Works ("DPW"). (ECF No. 12 ¶ 3.) During this time, Mr. Evins managed between 20 and 60 other employees and was "responsible for approving DPW procurements with outside contractors." (ECF No. 12 ¶ 3.) Between February 2, 2016 and October 2021, Mr. Evins entered into a scheme with his co-conspirators to perpetrate wire fraud upon the City of Richmond by creating companies for the purpose of bidding on DPW projects and then awarding contracts to their own companies or fabricating work to be performed by their own companies. (ECF No. 12 ¶¶ 13, 16–17.) In some instances, Mr. Evins and his co-conspirators approved work that was "actually performed by DPW employees" or created fictitious bids on behalf of competitor companies to ensure their companies received the contracts. (ECF No. 12 ¶¶ 17–19.) Mr. Evins and his co-conspirators "manipulated DPW systems and their positions of trust at DPW to approve payments on [] invoices" that they had generated on behalf of their own companies. (ECF No. 12 ¶¶ 20, 22–24.) Mr. Evins was provided portions of the money received from DPW. (ECF No. 12 ¶¶ 21, 32, 37–44.)

Mr. Evins was found to be responsible for a total loss amount of $226,767. (ECF No. 15 ¶ 24.)

Prior to his November 7, 2023 sentencing, the probation officer prepared the Presentence Report ("PSR"), summarizing Mr. Evins's offense level and criminal history. (ECF No. 15 ¶¶ 22–41.) This was Mr. Evin's first criminal conviction, conferring zero criminal history points, placing him in Criminal History Category I. (ECF No. 15 ¶ 62.) Mr. Evins's Base Offense Level was 7. (ECF No. 15 ¶ 23.) Mr. Evins received a 10-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(F) because the loss amount was over $150,000. (ECF No. 15 ¶ 24.)

Mr. Evins also received a two-point enhancement for misrepresenting that he was acting on behalf of a government agency, pursuant to U.S.S.G. § 2B1.1(b)(9)(A), and a two-point enhancement for being an organizer or leader of criminal activity, pursuant to U.S.S.G. § 3B1.1(c). (ECF No. 15 ¶¶ 25, 27.) However, Mr. Evins also received a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b). (ECF No. 15 ¶¶ 31–32.) These adjustments resulted in a Total Offense Level of 18. (ECF No. 15 ¶ 34.) Mr. Evins's Criminal History Category and Total Offense Level yielded a Sentencing Guidelines range of 27 to 33 months' imprisonment. (ECF No. 15, at 24.)

On November 7, 2023, the Court sentenced Mr. Evins to the lowest end of the Sentencing Guidelines Range and imposed a term of 27 months' imprisonment to be followed by a term of 3 years' supervised release. (ECF No. 24, at 2–3.) The Court further ordered Mr. Evins to pay restitution in the amount of $226,767.00. (ECF No. 24, at 6.) The Court allowed Mr. Evins just over two months, until January 9, 2024, to self-surrender and recommended that he be designated to a facility closest to his then-current residence. (ECF No. 24, at 2.)

Mr. Evins is currently housed at FCI Coleman in Sumterville, Florida. *See Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 13, 2025); *FCI Coleman*, BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/col/ (last visited January 13, 2025). The Bureau of Prisons ("BOP") lists Mr. Evins's projected release date as October 23, 2025. *Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 13, 2025). As of December 30, 2024, Mr. Evins has served 11 months, or approximately 41 percent of his 27-month sentence. (*See* ECF No. 31, at 1.)

### C. Mr. Evins's Motion for Compassionate Release

On July 12, 2024, Mr. Evins filed a *pro se* Motion for Compassionate Release. (ECF No. 33.) In the *pro se* Motion, Mr. Evins discusses his medical conditions and asserts that there has been "gross mismanagement of [Mr.] Evins'[s] healthcare [that] constitutes extraordinary and compelling circumstances for relief." (ECF No. 33, at 3.) Mr. Evins avers that, upon entering BOP custody, he had 32 known medical issues which required 19 medications and injections to treat. (ECF No. 33, at 8.) However, "BOP[] (1) refused to allow [his 19] medications to enter the facility; (2) prescribed only five (5) medications []; (3) failed to prescribe Gerntesa [a specific medication for his post-prostate surgery issues] and (4) his blood pressure reading was elevated at 154/87." (ECF No. 33, at 8.) Mr. Evins also asserts that as the direct outcome of BOP's "mismanaging medications. . . he blacked-out, fell down a set of stairs, received a head injury, severely injuring his back, and was rushed to Ocala Hospital for emergency trauma care." (ECF No. 33, at 8.)

On November 27, 2024, Mr. Evins, acting through counsel, filed the instant Motion for Compassionate Release, supplementing his *pro se* Motion. (ECF No. 40.) In the counseled Motion, Mr. Evins expands upon his medical issues, his advanced age, and injuries he has received while incarcerated. (ECF No. 40, at 1.) Mr. Evins asserts that he has "fallen and injured himself no less than three times . . . and he was placed in a cell with a violent inmate who physically assaulted him to the point of serious injuries." (ECF No. 40, at 1–2.) Mr. Evins requests to serve the remainder of his sentence on home confinement. (ECF No. 40, at 1.)

The United States responded in opposition. (ECF No. 44.) The United States asserts that Mr. Evins's age and medical conditions, either individually or combined, do not constitute an extraordinary and compelling reason for relief. (ECF No. 44, at 3–8.) The United States also

4

contends that the sentencing factors set forth in 18 U.S.C. § 3553(a)[1] weigh against relief. (ECF No. 44, at 8–11.)

---

[1] Section 3553(a) of Title 18 of the United States Code states:

The Court in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## II. Compassionate Release Under the First Step Act of 2018

### A. Legal Standard

Prior to the First Step Act of 2018, an individual could not petition the district court for relief on compassionate release grounds without approval from the BOP. *See Coleman v. United States*, 465 F. Supp. 3d 543, 546 (E.D. Va. 2020). In 2018, Congress enacted the First Step Act to provide incarcerated individuals the opportunity to directly petition the courts for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2] First Step Act of 2018, Pub. L. No. 115–391, 115th Cong. (2018). Under the First Step Act, criminal defendants may petition courts on their own initiative to modify their sentences. *Coleman*, 465 F. Supp. 3d at 546.

---

[2] Section 3582(c) states, in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

6

Before granting a reduction, courts must consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), and evidence of rehabilitation and other post-conviction conduct. *See United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *see also United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B)). However, a petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification. *See* 28 U.S.C. § 994(t).[3]

### B. Exhaustion of Administrative Remedies

Although the Court generally cannot "modify a term of imprisonment once it has been imposed," the defendant may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *Casey v. United States*, No. 4:18-CR-4 (RAJ), 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020); *see also United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (same).

---

[3] 28 U.S.C. § 994(t) states:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. *Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.*

28 U.S.C. § 994(t) (emphasis added).

7

In his counseled Motion for Compassionate Release, Mr. Evins submits, and the United States does not dispute, that he has properly exhausted his request for compassionate release pursuant to U.S.C. § 3582(c)(1)(A). (*See* ECF No. 40, at 6; ECF No. 44, at 3 n.2.) This Court so finds.

### C. Courts Must Find Extraordinary and Compelling Reasons Justifying Compassionate Release

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling reasons" in the statute. The United States Sentencing Commission does, however, further define "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(b); *see United States v. Burrell*, No. 3:04-CR-364 (JAG), 2023 WL 7726404, at *4 n.7 (E.D. Va. Nov. 15, 2023). The Sentencing Commission

> addressed the issue in a policy statement, United States Sentencing Guideline § 1B1.13, which provided the BOP with several categories of extraordinary and compelling reasons to consider. For years following the passage of the First Step Act, the Sentencing Commission failed to update § 1B1.13 to account for motions filed by defendants, meaning the policy did not bind the courts when presented with a defendant's motion for compassionate release. A court therefore remained empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.

*Burrell*, 2023 WL 7726404, at *4, n.7 (cleaned up) (citing *McCoy*, 981 F.3d at 276, 281–82, 284).

The 2021 Sentencing Guidelines enumerated four bases on which to evaluate a motion for compassionate release. U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (U.S. SENT'G COMM'N 2021) identified four bases to establish extraordinary and compelling reasons for release:

(A) medical conditions;
(B) age;

8

(C) family circumstances; and,

(D) other reasons.

U.S.S.G. § 1B1.13 cmt., n.1(A)–(D).

In 2023, the United States Sentencing Commission published new sentencing guidelines amendments (the "2023 Sentencing Guidelines Amendments" or "2023 Amendments"). Pursuant to the 2023 Amendments, the Sentencing Guidelines now identify six instructive categories of extraordinary and compelling reasons that may allow for a sentence reduction.[4]

These are:

(1) certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated, [U.S.S.G.] § 1B1.13(b)(1)[5];

(2) the defendant's age . . . is at least 65 years old, *id.* § 1B1.13(b)(2)[6];

(3) the defendant's family circumstances, *id.* § 1B1.13(b)(3)[7];

(4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer, *id.* § 1B1.13(b)(4) [8];

(5) 'any other circumstances or combination of circumstances . . . similar in gravity to' the circumstances 'described in paragraphs (1) through (4).' *Id.* § 1B1.13(b)(5) [9], and,

---

[4] *See* Appendix A, U.S.S.G § 1B1.13(b) (2023).

[5] *See* App. A, at **U.S.S.G. § 1B1.13(b)(1);** *cf.* Appendix B, **U.S.S.G. § 1B1.13 cmt. n.1(A).**

[6] *See* App. A, at **U.S.S.G. § 1B1.13(b)(2);** *cf.* App. B, at **U.S.S.G. § 1B1.13 cmt. n.1(B).**

[7] *See* App. A, at **U.S.S.G. § 1B1.13(b)(3);** *cf.* App. B, at **U.S.S.G. § 1B1.13 cmt. n.1(C).**

[8] *See* App. A, at **U.S.S.G. § 1B1.13(b)(4).**

[9] *See* App. A, at **U.S.S.G. § 1B1.13(b)(5);** *cf.* App. B., at **U.S.S.G. § 1B1.13 cmt. n.1(D).**

(6) the defendant received an 'unusually long sentence,' *id.*
§ 1B1.13(b)(6).[10]

*United States v. Tucker*, 2023 WL 8357340, at *5 (D. Md. Dec. 1, 2023).

The United States Court of Appeals for the Fourth Circuit explained—even before the 2023 Sentencing Guidelines Amendments—that "[w]hen a defendant exercises his [or her] new right to move for compassionate release on his [or her] own behalf . . . § 1B1.13 does not apply, and . . . § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *McCoy*, 981 F.3d at 281. The Fourth Circuit has further illuminated that:

> [w]hen Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances—when sufficiently extraordinary and compelling—than to society's interests in the defendant's continued incarceration and the finality of judgments.

*United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

Since *McCoy* and *Hargrove*, the 2023 Amendments have taken effect. These Amendments clarify the Commission's view on what could constitute "extraordinary and compelling reasons" for a sentence reduction under the First Step Act. *See Burrell*, 2023 WL 7726404, at *4 n.7 ("[t]he Fourth Circuit has yet to address the impact the amended Sentencing Guidelines have on *McCoy* and similar rulings or precisely how courts should apply the amended policy statement in motions for compassionate release, particularly motions filed before November 1, 2023."). The *McCoy* court has noted, however, that the Guidelines, while helpful, are merely advisory and do not bind the Court. "[D]istrict courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981

---

[10] *See* App. A, at **U.S.S.G. § 1B1.13(b)(6).**

10

F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)); *see also United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024) (confirming that under the 2023 Amendments, courts can still "consider any extraordinary or compelling reason for release raised by a defendant").

### 1. Medical Circumstances of the Defendant

The 2023 Sentencing Guidelines Amendments explain in greater detail what a court should consider when considering medical circumstances as a basis for compelling and extraordinary reason to grant compassionate release. The relevant section of U.S.S.G. § 1B1.13(b) reads:

(1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT.—

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being

11

provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)–(C).

### 2. Age of the Defendant

In addition to medical circumstances, the 2023 Sentencing Guideline Amendments provide that extraordinary and compelling reasons could justify a reduced sentence if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

### 3. Victim of Abuse

Finally, the 2023 Sentencing Guidelines Amendments provide that extraordinary and compelling reasons could justify a reduced sentence if "[t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of . . . physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to § 1B1.1 (Application Instructions)[] that was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4). The United States Sentencing Commission Guidelines Manual defines "serious bodily injury" in part as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, cmt. n.1(M) (2023).

### D. Courts Must Weigh the Statutory Sentencing Factors Before Granting Compassionate Release

Even after finding a sufficient "extraordinary and compelling reason" for compassionate release, the Court must then consider the Section 3553(a) factors and any relevant post-

conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *Martin*, 916 F.3d at 397–98; *McDonald*, 986 F.3d at 412. The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed . . . to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect from the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

### III. Analysis

After due consideration, the Court will deny the Motions for Compassionate Release. (ECF Nos. 33, 40.) While Mr. Evins has exhausted his administrative remedies, (*See* ECF No. 44, at 3 n.2), the Court finds that Mr. Evins does not offer any "extraordinary and compelling reasons" to support his request for release. 18 U.S.C. § 3582(c)(1)(A)(i). Even if he had done so, the § 3553(a) factors weigh against his release.

A. **Mr. Evins's Age and Medical Circumstances Do Not Create an Extraordinary and Compelling Reason for Relief**

In support of his contention that his medical conditions support a reduction, Mr. Evins asserts that he

> [P]resents an extraordinarily compelling case for compassionate release because of the numerous medical issues he is experiencing, to include: Malignant Neoplasm of Prostate (prostate cancer) (wherein he underwent a prostatectomy in July 2023), Benign Prostatic Hyperplasia (BPH) (enlarged prostate with lower urinary tract symptoms), Degenerative Disc Disease in the Thoracic Spine, Type II Diabetes, Essential (primary) Hypertension, Bladder Disorder, Allergic Rhinitis and Sleep Apnea, Atherosclerotic Cardiovascular Disease (ASCVD), nocturia,

13

>unspecified symptoms and signs involving the genitourinary system (urinary frequency, urgency with periods of incontinence) and a recent foot surgery.

(ECF No. 40, at 1; *see* ECF No. 40-1.) Mr. Evins notes that he also received multiple serious physical injuries during his incarceration. (ECF No. 40, at 1.)

Mr. Evins fails to allege that he is "suffering from a serious physical or medical condition" that "substantially diminishes [his] ability to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13(B). While Mr. Evins most certainly is suffering from a serious medical condition, the record does not indicate that he is "suffering from a medical condition that requires long-term or specialized medical care that is *not* being provided and without which the defendant is at risk of serious deterioration in health or death." *See* U.S.S.G. § 1B1.13(C) (emphasis added).

Mr. Evins concedes that the vast majority of his health conditions were present during his 2023 sentencing and the court allowed him to delay his remand twice in order to receive additional treatment prior to being incarcerated. (*See* ECF No. 40, at 1–3; ECF No. 40-1; ECF No. 15 ¶ 52.) Mr. Evins was diagnosed with prostate cancer in 2022 and had surgery to remove his prostate gland in 2023. (ECF No. 15 ¶ 50.) Mr. Evins was diagnosed with BPH, allergic rhinitis, morbid obesity, hypertension and sleep apnea in 2019. (ECF No. 15 ¶ 52.) Mr. Evins's diagnosis of Atherosclerotic Cardiovascular Disease occurred in 2023. (ECF No. 15 ¶ 52.) These conditions were all taken into consideration when this Court sentenced Mr. Evins in November 2023 and, thus, are not extraordinary.

Mr. Evins admits that each of his ailments is being treated by the BOP, however, he disagrees with some of the treatment options available. The BOP medical records show that Mr. Evins is being provided with the long-term care necessary to treat his conditions and has not provided any allegation that he is at risk of serious deterioration of health or death if he is to

14

remain under BOP medical care. Contrary to his affidavit which speaks only to his *entry* into Federal confinement, (ECF No. 33-1 ¶ 9), the medical records show that Mr. Evins is currently prescribed 14 separate medications to address his medical issues. (ECF No. 40-4, at 1–3 (sealed).) Mr. Evins concedes that he was treated by medical personnel for each of the three falls he reported. (ECF No. 40, at 10.) Furthermore, the BOP medical records show that Mr. Evins received treatment for any injuries he received from altercations he had with other inmates. (ECF No. 40-2, at 1–9 (sealed).)

Considering the foregoing, the record at bar does not justify Mr. Evins's request to serve the remainder of his sentence in home confinement due to his medical conditions. Although Mr. Evins adds that his age provides another basis for reducing his sentence (he is 68 years old), the record does not support a finding that he is "experiencing a serious deterioration in physical or mental health because of the aging process" and he has not "served at least 10 years of 75 percent of his [] term of imprisonment." *See* U.S.S.G. §§ 1B1.13(b)(2)(B) and (C). Therefore, Mr. Evins's chronic medical conditions in combination with his age do not warrant a reduction in his sentence.

### B. The Safety Conditions of Mr. Evins's Imprisonment Do Not Amount to an Extraordinary and Compelling Reason for Mr. Evins's Release

Mr. Evins's Motion for Compassionate Release further contends that the Court should grant his request to serve the remainder of his sentence in home incarceration because he was injured by another inmate. (ECF No. 40, at 9.) However, the record does not show that Mr. Evins faces a particular risk to his well-being while remaining in custody at FCI Coleman. In support of his contention that he is unsafe in BOP custody, Mr. Evins points to an altercation he was in with another inmate in which "he was thrown into a table and then to the floor by a mentally ill inmate who was placed in his cell." (ECF No. 40, at 9.) Mr. Evins appears to assert

15

that this was an unprovoked attack in which he played no part. However, the medical records show that Mr. Evins "had a fight with another [inmate] when he was at the [segregated housing unit]" and that "he bit another [inmate] . . . and he had blood in his mouth from it." (ECF No. 40-2, at 1, 5 (sealed).)

Allegations of abuse are not taken lightly. However, nothing in the record supports a finding that Mr. Evins was injured "by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4). Rather, it appears that Mr. Evins has unfortunately been involved in altercations with other inmates that have resulted in injury. Further, no evidence exists showing that Mr. Evins's injuries caused "extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty," nor does the record indicate that they "require[d] medical intervention such as surgery, hospitalization, or physical rehabilitation," *see* U.S.S.G. § 1B1.1, cmt. n.1(M), and therefore do not reach the level of serious bodily injury contemplated as a basis for release by the 2023 Amendments. *See* U.S.S.G. § 1B1.13(b)(4).

For these reasons, the claims of assault perpetrated by other inmates do not rise a finding of extraordinary and compelling circumstances warranting immediate release from confinement. Even considering his medical condition together with those claims, Mr. Evins's allegations do not rise to the level warranting immediate release to home confinement.

### C. The 3553(a) Factors Do Not Support a Reduction in Mr. Evins's Sentence

Although Mr. Evins did not satisfy the requirement for an "extraordinary and compelling" reason for compassionate release, even if he had, the Court concludes that the

§ 3553(a) factors weigh against his release. This Court speaks to those factors in the interest of creating a full record. *See* 18 U.S.C. § 3553(a).

The Court finds that the nature and circumstances of the offense do not weigh in favor of granting him compassionate release. *See* 18 U.S.C. § 3553(a)(1). Mr. Evins was a public servant responsible for overseeing the City of Richmond Department of Public Works. (ECF No. 12 ¶ 3.) Over the course of at least 5 years, Mr. Evins used his position to improperly obtain tax-payer funds for his own gain. (ECF No. 12 ¶¶ 13–14.) Further, Mr. Evins was the organizer of this conspiracy and he "recruited and provided instructions to co-conspirators during the conspiracy demonstrating his decision-making authority in the planning and organizing of the offense." (ECF No. 15 ¶ 19.)

Mr. Evins asserts that his older age supports his release because "research by the Sentencing Commission has proven that the older the age of the offender upon release, the less likely they are to recidivate." (ECF No. 40, at 17.) While Mr. Evins will be 69 years old at the time of his release, this seemingly harsh reality flows in part from the fact that Mr. Evins was 66 years old at the time of this offense. That is an age when the likelihood of recidivism already should have waned. Moreover, Mr. Evins does not propose conditions of release that would protect the safety of the community. Mr. Evins's release plan is to live "at home in Florida with his wife[,] Samaria Evins, who will take care of and support Mr. Evins through his final years." (ECF No. 40, at 18.) Mr. Evins was living with his wife when he committed the instant offense. More importantly, Samaria Evins was a co-conspirator in Mr. Evins's scheme to defraud the City of Richmond. (*See* ECF No. 15 ¶ 10.) This does not convince the Court that Mr. Evins will not pose a danger to the public or that the safety of the community will be protected.

In *United States v. Martin*, the Fourth Circuit vacated and remanded the district court's denial of both defendants' motions to reduce sentence because the district court failed to address any new mitigating evidence when denying the motions. 916 F.3d at 397–98. The Fourth Circuit explained that if an individual is eligible for a sentence reduction, the district court must give weight to the person's "past transgressions" as well as "the multitude of redemptive measures that [the person] has taken." *Id.* at 397. However, Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). With these dictates in mind, the Court acknowledges that Mr. Evins has completed one educational course during his incarceration and has been working as a compound orderly. (ECF No. 43, at 2.) However, Mr. Evins has also incurred a disciplinary infraction for Being Insolent to a Staff Member. (ECF No. 43, at 2.) The Court encourages Mr. Evins to continue participating in BOP programming, but concludes that, in total, consideration of the 18 U.S.C. § 3553(a) factors does not support compassionate release even if this Court were to find an "extraordinary and compelling reason[]" to warrant a reduction in Mr. Evins's sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

### IV. Conclusion

For the reasons explained above, the Court will deny Mr. Evins's Motions for Compassionate Release. (ECF Nos. 33, 40.)

An appropriate Order shall issue.

Date: 1/13/2025
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge